IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                             NO. 10-CR-50089-001

ARMANDO SANTILLAN-SALINAS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's pro se "Fast-Track Petition," filed on September 18, 2012. (Doc. 24). The Government filed its response on October 11, 2012, and Defendant filed a reply on October 22, 2012. (Docs. 26, 28). For the reasons stated herein, the undersigned recommends that the Petition be denied.

**I.      Background**

On July 21, 2010, Defendant was named in a one-count Indictment, charging him with illegal reentry into the United States after having been previously removed or deported following a conviction for an aggravated felony, namely Possession with Intent to Distribute more than Five Grams of Methamphetamine, in violation of Title 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 7). On August 24, 2010, Defendant pled guilty to this offense pursuant to a written plea agreement, in which, he stipulated to the prior aggravated felony conviction. (Doc. 18.) On December 6, 2010, Defendant was sentenced to 48 months imprisonment, 3 years supervised release, a $100 special assessment, and a $2,500 fine. (Doc. 22). Defendant did not appeal his conviction or sentence.

On September 18, 2012, Defendant filed the "Fast Track" petition now before the Court, "seeking a variance of four levels as provided by 'Fast Track' Program." (Doc. 24 at pg. 2).

Defendant states, "I signed a Plea Agreement, and meet all the criteria set by Deputy Atty. General James M. Cole's Memorandum, dated 1/31/12 on "Fast Track" Program." (Id.)

## II. Discussion

### A. Procedural Defects

Defendant has not identified any authority that would allow the Court to modify his sentence.

Defendant specifically states in his Reply that he "did not submit his Petition as a Motion pursuant to 28 U.S.C. § 2255." (Doc. 28 at pg. 1.) Even if the Defendant were seeking relief under § 2255, it appears, as pointed out by the Government, that his claim would be procedurally defaulted for failure to raise it in a direct appeal and would also be time-barred by the applicable one-year limitations period. See United States v. Hamilton, 604 F.3d 572, 574 (8th Cir. 2010) (claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion); 28 U.S.C. § 2255(f) (delineating the one year limitation period applicable to § 2255 motions). Further, Fed. R. Crim. P. 35(b) does not provide any avenue for the Defendant to seek a sentence reduction, as it only authorizes a reduction based upon a motion made by the Government. The circumstances outlined in 18 U.S.C. § 3582(c) for the modification of a sentence are likewise inapplicable to the Defendant. See United States v. Resinos, No. 5:09-50066, Doc. 31 (W.D. Ark. July 9, 2012).

Thus, this Court is without any authority to grant Defendant's Petition for a sentence reduction. While it is, therefore, unnecessary to address the merits of Defendant's Petition, the Court will nevertheless do so, as the Defendant clearly does not qualify for a sentence reduction under the fast-track program.

### B. Fast-Track Program: Retroactivity and Eligibility

Upon motion of the Government, U.S.S.G. § 5K3.1 permits a downward departure of up to four levels pursuant to a fast-track program "authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." As pointed out by Defendant, on January 31, 2012, Deputy Attorney General James M. Cole issued a memorandum[1] to all United States Attorneys directing that all federal districts prosecuting felony illegal reentry cases under 8 U.S.C. § 1326 implement uniform fast-track programs by no later than March 1, 2012. In accordance with this directive, a fast-track program was implemented in the Western District of Arkansas, effective March 1, 2012. This Court has previously held that the fast-program does not apply retroactively, see id., Doc. 31 at pg. 3, and other courts that have addressed this issue have reached the same conclusion, see, e.g., Dominguez v. United States, No. 4:12-cv-00260, 2012 WL 3127299, at *4 (E.D.Ark. Aug. 1, 2012); United States v. Cano, 2012 WL 5511998, at *2 (D. Kan. Nov. 14, 2012); United States v. Ojeda-Texta, No. 10-156, 2012 WL 4210292, *2 (Sept. 19, 2012). As the Defendant was sentenced on December 6, 2010, prior to the implementation of the fast-track program in this District, the Defendant is not entitled to the benefits of the program.

Furthermore, to be eligible to participate in the fast-track program, the Defendant must agree to certain provisions in the plea agreement, such as the waiver of appeal rights and the right to file a § 2255 motion (except for ineffective-assistance of counsel claims). See Cole Memorandum ¶¶ III. C (3). As the Defendant's plea agreement did not contain the requisite

---

[1] The Cole Memorandum is available at http://www.justice.gov/dag/fast-track-program.pdf.

waiver provisions, he would not have qualified for the fast-track program even if it had been in effect at the time of his sentencing.  See Alvarez-Quiroz, at * 3.

### III.   Conclusion

Based upon the foregoing, the undersigned recommends that Defendant's "Fast-Track Petition" (Doc. 24) be denied.  **The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE